FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 12, 2019
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> PLAINTIFF <br> <br> v. <br> <br> A SCCY INDUSTRIES CPX-2 9mm PISTOL, <br> 20 ROUNDS OF 9mm AMMUNITION, and <br> A HARRINGTON AND RICHARDSON .32 <br> CALIBER REVOLVER <br> DEFENDANT PROPERTY | ) <br> ) <br> )    19-60018 <br> ) Civil No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is an action to forfeit property to the United States for violations of 18 U.S.C. § 922 *et seq.* and as such is forfeitable under 18 U.S.C. § 924(d).

### THE DEFENDANT IN REM

2.  The Defendant Property is a SCCY, model CPX2, 9mm caliber, pistol, serial number 394366; 20 rounds of 9mm ammunition; and a Harrington and Richardson, model Victor, .32 caliber, revolver, serial number 54264 (hereinafter referred to as "THE DEFENDANT PROPERTY"), which was seized from Jarvis Larue on October 4, 2016, from his residence in Hot Springs, Arkansas, which is in the Western District of Arkansas, Hot Springs Division, and is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §§ 1355(a), 1355(b)(1)(A) and 1395(b).

4. This Court has *in rem* jurisdiction over THE DEFENDANT PROPERTY as:

   a. pursuant to 28 U.S.C. § 1355(b)(1)(A), acts or omissions giving rise to the forfeiture occurred in this district; and

   b. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

5. Venue is proper in this district as:

   a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

   b. pursuant to 28 U.S.C. § 1395, because the action accrued in this district.

## BASIS FOR FORFEITURE

6. THE DEFENDANT PROPERTY is subject to forfeiture pursuant to 18 U.S.C. § 924(d) because they are a firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of 18 U.S.C. § 922.

## FACTS

7. Please see the Affidavit of Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Timothy Boles, attached hereto as Exhibit "A." The attached affidavit is hereby incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit and all additional paragraphs are reincorporated here as if alleged herein and require a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that THE DEFENDANT PROPERTY be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

                            Respectfully submitted,
                            DUANE (DAK) KEES
                            UNITED STATES ATTORNEY

By: _____
     Aaron Jennen
     Assistant United States Attorney
     Arkansas Bar No. 2004156
     414 Parker Avenue
     Fort Smith, AR 72901
     (479) 783-5125
     Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Timothy Boles, hereby verify and declare under penalty of perjury that I am a Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 12 day of FEBRUARY 2019.

_____
Timothy Boles
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Kimberly K. Squires
Notary Public

[Notary Seal: KIMBERLY K. SQUIRES, COMM. EXP. 7-12-2022, No. 12388585, PULASKI COUNTY, NOTARY PUBLIC - ARKANSAS]

## EXHIBIT A

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR FORFEITURE OF PROPERTY

I, Timothy Boles, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the (ATF), United States Justice Department, and have been so employed since March 2007, and am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy.

2. On August 30, 2016, SANDRA KAY CANTERBURY completed ATF Form 4473 – Firearms Transaction Record for a SCCY, model CPX2, 9mm caliber, pistol, serial number 394366 at Federal Firearm Licensee (FFL) 270 Pawn Shop located in Hot Springs, Arkansas, which is in the Western District of Arkansas, Hot Springs Division.

3. The transaction was delayed by the National Instant Check System (NICS) and the pistol was transferred to CANTERBURY on September 9, 2016.

4. On September 15, 2016, the NICS Center denied the transaction because CANTERBURY was prohibited from possessing a firearm due to a previous conviction of misdemeanor battery, 3rd degree on a family member.

5. On October 4, 2016, law enforcement officers went to CANTERBURY's residence in Garland County, Arkansas, which is in the Western District of Arkansas, Hot Springs Division, to speak with her about the firearm transaction.

6. CANTERBURY stated she did not have the pistol because she purchased it for JARVIS LANG LARUE, and pointed to a mobile home located across the street where LARUE resided.

7.  After being advised of her Miranda rights, CANTERBURY provided the following statements:

   a.  On or about August 30, 2016, LARUE told CANTERBURY he found a gun he really wanted and asked her to purchase it for him.

   b.  He said he had "warrants" and could not purchase a firearm.

   c.  She told LARUE she did not want to purchase a firearm because if something happened it would be registered in her name.

   d.  LARUE said he "would take the rap for it" and CANTERBURY agreed.

   e.  She and LARUE went to 270 Pawn Shop and he gave her approximately $260 in the parking lot before she went inside.

   f.  After the transaction was delayed by the NICS Center, she gave the money back to LARUE.

   g.  On or about September 8, 2016, LARUE told CANTERBURY they could get the gun.

   h.  She and LARUE returned to 270 Pawn Shop and he gave her the money.

   i.  She acquired the pistol and they left the pawn shop.

   j.  When they returned, LARUE removed the pistol from her vehicle and she has not seen it since that day.

   k.  CANTERBURY stated she uses methamphetamine and acquired methamphetamine from LARUE "maybe one or two times."

8.  After speaking with CANTERBURY, the law enforcement officers went to LARUE's residence, knocked on the door, LARUE emerged and spoke to them.

2

9.  LARUE advised he had the aforementioned pistol in his bedroom. He signed a consent to search form advising that he was not under arrest at this time and that he had the right to refuse consent.

10. LARUE accompanied law enforcement officers into the bedroom and showed them the location of the aforementioned pistol.

11. While in the same room, the law enforcement officers located a Harrington and Richardson, model Victor, .32 caliber, revolver, serial number 54264; twenty rounds of 9mm caliber ammunition; approximately 2 grams of suspected methamphetamine; methamphetamine smoking paraphernalia; "loaded" syringes and paraphernalia to inject narcotics.

12. After being advised of his Miranda rights, LARUE provided the following statements:

   a. He had been using methamphetamine for about a year and injecting it for approximately six months.

   b. LARUE advised he attempted to purchase a gun, but was denied by the NICS Center.

   c. He then asked CANTERBURY to purchase a pistol for him.

   d. LARUE accompanied CANTERBURY to the FFL and stayed in the vehicle while she went in to purchase the firearm.

   e. She came out to the car, handed him the firearm and he gave her $300.00.

   f. LARUE acknowledged that he knew he could not possess a firearm with an active warrant and that he could not possess it as a drug user.

   g. LARUE also stated that he had purchased the revolver from someone he identified as "Joey" about four months earlier.

3

13.   The SCCY 9mm pistol, 20 rounds of 9mm ammunition, and the Harrington and Richardson .32 caliber revolver ("THE DEFENDANT PROPERTY") were seized by ATF agents and have been in ATF custody since their seizure.

14.   LARUE submitted a seized asset claim form to the ATF for THE DEFENDANT PROPERTY, which was dated October 23, 2016, claiming "I am the property owner of said items used for home protection."

15.   On January 10, 2017, LARUE was indicted in the Western District of Arkansas for a violation of Title 18 U.S.C. § 922(g)(3) – possession of a firearm who is an unlawful user of or addicted to any controlled substance, which included a forfeiture allegation for THE DEFENDANT PROPERTY[1].

16.   On January 26, 2017, law enforcement officers executed a federal arrest warrant for LARUE at his residence. After arriving at the residence, they knocked on the front door and announced in a loud voice several times, "Police! Warrant! Open the Door!"

17.   After awaiting an amount of time and no response from anyone inside the residence, the officers opened the unlocked door and LARUE emerged from a hallway leading to his bedroom where the law enforcement officers had previously recovered the firearms and suspected controlled substances on October 4, 2016.

18.   As the law enforcement officers were conducting a safety sweep of the residence for additional occupants, a law enforcement officer located the following items in plain view in LARUE's bedroom: Savage Arms, model Mark II, .22 caliber, rifle, serial number 2216045; 299 rounds of .22 caliber ammunition; and an unknown quantity of a substance that field tested positive from methamphetamine.

---

[1] *United States v. Larue*, 6:17-CR-60001-001.

19. On August 1, 2017, LARUE pleaded guilty in the Western District of Arkansas to an Information[2] charging him with conspiracy to making a false statement during the acquisition of a firearm in violation of 18 U.S.C. §§ 371 & 922(a)(6).

20. In the Plea Agreement[3], LARUE admitted to having CANTERBURY purchase the SCCY 9mm pistol for him.

FURTHER AFFIANT SAYETH NOT.

Timothy Boles
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this 12 day of FEBRUARY, 2019.

State of Arkansas    )
County of Pulaski    )

Before me, the above authority personally appeared, Special Agent Timothy Boles, who having produced his Bureau of Alcohol, Tobacco, Firearms and Explosives credentials as identification and having being duly sworn, states that the foregoing is true to the best of his knowledge, information, and belief.

Witness my hand and official seal on this 12 day of February 2019.

Kimberly K. Squires
Notary Public
Commission Expires: 7-12-2022



---

[2] *United States v. Larue*, 6:17-CR-60027-001.
[3] *United States v. Larue*, 6:17-CR-60027-001 (Doc. 5).

5